IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY BERDARE CLAYBURN,

Plaintiff, No. CIV S-06-2182 MCE GGH P

vs.

E.J. SCHIRMER, et al.,

Defendants. ORDER

_______________________________/

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on November 9, 2006, plaintiff's complaint, filed on October 3, 2006, was dismissed because the original filing violated Fed. R. Civ. P. 8, but plaintiff was granted leave to amend. Plaintiff was cautioned that failure to file an amended complaint would result in a recommendation of dismissal of this action. On the same day the court filed the above order, plaintiff filed a number of exhibits, together with a copy of the October 3, 2006, complaint that was dismissed in the 11/09/06 Order. Plaintiff interspersed among the exhibits, in random fashion, several additional pages in an apparent effort to flesh out the allegations of his original complaint. As noted, however, the original complaint had been dismissed on the same day, and plaintiff was allowed thirty days to file an amended complaint. Subsequently, plaintiff filed a motion to amend the complaint on December 4, 2006, that was

both defective and inapposite. It was defective because no proposed amended complaint was attached. In addition, it was inapposite, of course, because the court had granted plaintiff leave to amend in its November 9, 2006, Order.

As plaintiff may have intended, once he received the dismissal order that issued on November 9, 2006, for the court to construe his complaint and additional exhibits, also filed on November 9, 2006, as his amended complaint, the court will so construe it and screen the first amended complaint.

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the previously filed order, on November 9, 2006, the court stated, inter alia:

> Plaintiff alleges Library Technical Assistant Reyes, whom plaintiff has not clearly named as a defendant, acted unprofessionally on January 4, 2006, placing plaintiff's life in jeopardy. Complaint, p. 3. While in the law library, Reyes told correctional officers that plaintiff was masturbating there. Id. Defendant Correctional (Corr.) Sgt. Mendoca and defendant Corr. Lt. Schirmer failed to intervene on plaintiff's behalf, and Corr. Officer (C/O) Weeks acted unprofessionally in his treatment of plaintiff on January 4, 2006. Id. As relief, plaintiff inexplicably seeks, in addition to money damages, to have a doctor remove pencil lead out of his stomach.
>
> These allegations, which wholly fail to state a claim upon which relief may be granted, violate Fed. R. Civ. P. Rule 8. The complaint does not contain sufficient allegations to put defendants fairly on notice. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).
>
> Plaintiff has attached various exhibits to his very brief and wholly inadequate allegations. However, it is not the court's function to review the exhibits to fashion plaintiff's allegations for him. Rather, in order to be in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure, plaintiff must set forth the specific acts of a defendant that violated plaintiff's rights within the allegations of his complaint. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). As plaintiff states no claim as to any of the named defendants, the complaint will be dismissed but plaintiff will be granted leave to amend.

Order, filed on 11/9/06, p. 3.

The document, now construed as the first amended complaint, duplicates the previously dismissed allegations at pages 3-5, but randomly dispersed among the additional exhibits and piecemeal one-paragraph "motions" (such as, "motion requesting attorney fee forms") in plaintiff's November 9, 2006, filing, plaintiff attempts to flesh out his allegations. It

is difficult to follow plaintiff's intentions as the allegations of the first amended complaint because they are not organized, appearing to be contained on pages 3-5, then skipping to and including pages 30-32. Finally, plaintiff includes a separate "motion requesting medical treatment," at pages 44-46, wherein plaintiff evidently intends to clarify one of his allegations.

In the interspersed additional allegations, plaintiff asserts that Library Technical Assistant Reyes' statement was a lie (presumably, plaintiff is referring to the alleged contention by Reyes that plaintiff had been masturbating in the prison law library). Amended Complaint (AC), p. 30. Plaintiff avers that he sought a full medical examination so that the truth could be determined but was refused by defendants Schirmer and Mendoca. Id. This refusal to allow a medical exam to be conducted was a cover-up and resulted in plaintiff's inability to prove his truthfulness. Id. Plaintiff apparently believes that not having been allowed a medical exam on this occasion somehow demonstrates discrimination based on the Americans with Disabilities Act (ADA). Id. Plaintiff states that he is entitled to the benefits of the ADA because he is vision-impaired and wheelchair-bound. AC, p. 31.

On the same day as plaintiff was escorted from the law library arising from the above incident, he became depressed and, as a result of a mental health call for plaintiff, a Dr. Dahl, apparently not a defendant, came and spent a half-hour with plaintiff in an effort to calm him down. AC, p. 31. After the doctor left, defendant Weeks began to verbally harass and threaten plaintiff and moved him to a smaller cell/cage, making plaintiff face the wall "like and [sic] animal." Id. Defendants Schirmer and Mendoca, who had offices nearby, did not act professionally in failing to stop Weeks' harassment. Id. Before leaving, defendant Weeks stated: "I will kick your black ass, and I am going to set your ass up with a weapon. You better never come back to this yard because I am going to put a kite on you." AC, pp. 31-32. Weeks' terrorist threats put plaintiff in fear of his life such that plaintiff felt compelled to stab himself in the stomach. AC, p. 32. A nurse cleaned the wound, but plaintiff alleges that he has been refused adequate medical treatment for the lead that remains in his stomach from his having

stabbed himself, causing him to be depressed. AC, pp. 32, 44-46.

Since plaintiff does not name Reyes as a defendant, and in any event, has not set forth colorable allegations as to this party, Reyes is dismissed as a defendant, but plaintiff may amend. As to plaintiff's claims against defendants Schirmer and Mendoca, plaintiff fails to state a claim with regard to not being given a medical exam for the purpose of determining whether plaintiff had masturbated in the law library or failing to prevent defendant Weeks' alleged actions because no constitutional right of plaintiff's was implicated by the described action or inaction. Plaintiff's claims as to these defendants will be dismissed with leave to amend.

As to his claims of harassment by defendant Weeks, verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

With respect to plaintiff's claims of an Eighth Amendment violation for inadequate medical treatment, in order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

Plaintiff may have a colorable claim of a violation of the Eighth Amendment for the alleged failure of prison officials to treat his self-inflicted wound adequately, but plaintiff has not clearly named the individual defendants to whom such allegations might be linked.  This claim will be dismissed but plaintiff will be granted leave to amend.

With regard to any allegations based on the ADA, Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  Weinrich, 114 F.3d at 978.  Plaintiff has failed to adequately frame an allegation based on the ADA and has failed to name an appropriate defendant.  These claims will be

dismissed but plaintiff will be granted leave to amend.

A separate basis for dismissal is that plaintiff's filing continues to violate Rule 8 of the Federal Rules of Civil Procedure. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179. Should plaintiff choose to file a second amended complaint, he must organize all of his allegations in consecutive paragraph on consecutive pages. He may not separate pages of allegations with interspersed exhibits placed randomly throughout the amended complaint. Any relevant exhibits may be attached at the end of the allegations of a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Request for Appointment of Counsel

On April 27, 2007, plaintiff filed a document wherein he claims a disability covered under the Americans with Disabilities Act and requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to amend the text of Docket Entry # 8 ("Exhibits"), so that the filing is now deemed to be plaintiff's first amended complaint;

2. Plaintiff's filing of November 9, 2006, construed as plaintiff's first amended complaint, is dismissed for the reasons set forth above, but plaintiff is granted thirty days to file a second amended complaint. Failure to file a second amended complaint that is in compliance with this order will result in a recommendation of dismissal of this action;

3. Plaintiff's December 4, 2006, defective and inapposite motion to amend the complaint is denied as moot;

\\\\

4. Plaintiff's April 27, 2007, request for the appointment of counsel is denied.

DATED: 5/17/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
clay2182.b2