IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY BERDARE CLAYBURN,

    Plaintiff,                     No. CIV S-06-2182 MCE GGH P

    vs.

E.J. SCHIRMER, et al.,              ORDER &

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        By order filed February 28, 2008, plaintiff's second amended complaint was dismissed by Judge Alarcon, who provided clear directions as to the filing of a third amended complaint within thirty-five days. The case was reassigned to Judge England and the undersigned on March 5, 2008. On July 29, 2008, the thirty-five day period having long expired without a third amended complaint having been filed, this court recommended dismissal of this action. Plaintiff filed objections (albeit belatedly), representing that he had failed to receive the Findings and Recommendations timely, without any specifics set forth, and alleging some form of mental illness making it difficult for him to express himself. Plaintiff purported to submit a very belated amended complaint, one on September 2, 2008, inappropriately filed on a habeas petition form and another, setting forth the same allegations on a civil rights complaint form, on September 9, 2008.

1

1        Plaintiff also asks to have counsel appointed. As to plaintiff's request for the
2 appointment of counsel, the United States Supreme Court has ruled that district courts lack
3 authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United
4 States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court
5 may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v.
6 Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
7 (9th Cir. 1990). In the present case, the court does not find the required exceptional
8 circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

9        The court will nevertheless vacate its prior findings and recommendations despite
10 plaintiff's poorly-substantiated excuses for late filing. The undersigned will strike the
11 September 2, 2008 "amended complaint," filed on the wrong form, and will deem the very
12 belated September 8, 2008, filing to be plaintiff's third amended complaint. A review, however,
13 of the third amended complaint demonstrates that plaintiff has wholly failed to cure the defects of
14 the second amended complaint plainly set forth in the Order, filed on February 28, 2008,
15 incorporated herein by reference, instead essentially repeating defective claims. For that reason,
16 the court now recommends dismissal of this action. Liberality in granting a plaintiff leave to
17 amend "is subject to the qualification that the amendment not cause undue prejudice to the
18 defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers,
19 Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th
20 Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to
21 amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a
22 complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also,
23 Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing
24 Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to
25 amend even if no request to amend the pleading was made, unless it determines that the pleading
26 could not be cured by the allegation of other facts."). Lopez v. Smith, 203 F.3d 1122, 1124 (9th

Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.")  In this case, the court has very liberally granted plaintiff every opportunity to file colorable claims but he has repeatedly failed to do so.  This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The Findings and Recommendations, filed on July 29, 2008 (# 21) are vacated;

        2. Plaintiff's putative amended complaint filed on September 2, 2008 (#23), is hereby stricken;

        3. Plaintiff's amended complaint, filed on September 8, 2008 (# 24), although belated, is deemed the third amended complaint; and

        4. Plaintiff's request for appointment of counsel, filed on September 2, 2008 (#22), is denied.

        IT IS HEREBY RECOMMENDED that the third amended complaint, filed on September 8, 2008 (# 24), be dismissed without further leave to amend, and this case be closed.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/06/08

        /s/ Gregory G. Hollows

        GREGORY G. HOLLOWS
        U.S. MAGISTRATE JUDGE

GGH:009
clay2182.ofr